IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| PCT,[2] | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Adversary Proceeding No. 05 - 79660 |
| Caito Foods Service Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

For its Complaint against DEFENDANT Caito Foods Service Inc. ("Defendant"), PLAINTIFF PCT (as defined in the Plan), alleges as follows:

## FACTUAL BACKGROUND

1. On April 1, 2003, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. On July 27, 2004, this Court confirmed the Plan, which became effective on

---

[1] The former Debtors whose cases are still open are: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2] PCT is a trust created pursuant to the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan"), and the Post-Confirmation Trust Agreement dated August 19, 2004. PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan, including the prosecution of the claims stated in this Complaint.

August 23, 2004. Pursuant to the Plan, PCT was vested with, among other things, (a) all right, title and interest of the Debtors in and to the property sought to be recovered in this Complaint, and (b) all rights of the Debtors and their estates to, among other things, prosecute and settle all claims and causes of action of the Debtors, including, but not limited to, avoidance actions under chapter 5 of title 11 of the United States Code, actions to collect accounts receivable, and the other causes of action asserted in this Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409(a).

6. The statutory bases for the relief requested in this Complaint are 11 U.S.C. §§ 502(d) and 542 and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

## COUNT 1

**(For Turnover of Estate Property - 11 U.S.C. § 542(b))**

7. PCT repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

8. Debtors inadvertently transferred to Defendant amounts of money in excess of the value of the goods or services provided or to be provided by Defendant to Debtors ("Overpayments"). These amounts are identified in Exhibit A as "Overpayments." Defendant received the Overpayments and has kept them for its own benefit.

9. The Overpayments listed on Exhibit A are property of Debtors' estates under 11 U.S.C. § 541(a). The amount will be proven at trial but is no less than the amount shown on

Exhibit A.

10. Pursuant to 11 U.S.C. § 542(b), PCT is entitled to a judgment against Defendant requiring turnover of the amount shown on Exhibit A.

## COUNT 2

### (Unjust Enrichment - Net Pre-Petition and Post-Petition Debit Balances)

11. PCT repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

12. As a result of transactions that occurred during the pre- and post-petition period between Debtors and Defendant, Defendant owes Debtors the amount reflected in PCT's books and records as an accounts receivable balance, as shown on Exhibit A as "Total Due PCT."

13. PCT is the transferee of all rights and interests of the Debtors in the amounts owing on Exhibit A.

14. PCT demanded that Defendant pay these amounts owing but payments were not made. Defendant received the benefit of the Debtors' funds and has kept them for its own benefit. Defendant did nothing to earn these funds. It is therefore unjust for Defendant to retain them.

## COUNT 3

### (Disallowance of Claim - 11 U.S.C. § 502(d))

15. PCT repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

16. Defendant is the transferee of Overpayments by one or more of the Debtors avoidable under 11 U.S.C. § 542. Pursuant to 11 U.S.C. § 502(d), in the event that Defendant is liable for any avoidable Overpayments under 11 U.S.C. § 542, any claims held by the Defendant

against the Debtors must be disallowed unless Defendant pays the amount of the Overpayments and recoverable property to PCT.

## **RESERVATION OF RIGHTS**

17. PCT reserves the right to bring all other claims or causes of action that PCT might have against Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, PCT has not completed review and analysis of proofs of claim filed in Debtors' bankruptcy cases. Therefore, nothing contained in this Complaint shall be construed as a waiver of PCT's right to object to any proof of claim filed by Defendant. Accordingly, PCT reserves the right to object, on any and all grounds, to any proof of claim asserted by Defendant. For such objections to claims, a separate notice will be given and a separate hearing will be scheduled.

**WHEREFORE**, PCT requests entry of a judgment in its favor against Defendant as follows:

(a) For turnover of property;

(b) For payment of amounts unjustly withheld;

(c) For disallowance of Defendant's claims pursuant to 11 U.S.C. § 502(d) unless the amount of the judgments for recovery of the Overpayments are paid to PCT;

(d) For pre- and post-petition interest on the amounts owed by Defendant to the full extent allowed under applicable law at the highest legal rate;

(e) For all attorneys' fees and costs under applicable law; and

(f) For such other and further relief as is just and proper.

Dated:  4/21/2005

Respectfully submitted,

By: /s/___David Fournier_____

5

PEPPER HAMILTON LLP
David Fournier (DE 2812)
Wilmer C. Bettinger (DE 359)
Hercules Plaza, Suite 5100
1313 Market Street
Post Office Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

and

KIRKLAND & ELLIS LLP
Eric Liebeler (CA Bar No. 149504)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Co-Counsel for Plaintiff PCT

**Caito Foods Service Inc.**                                              **Exhibit A**

Adv. No. 05-79660

**1.   Overpayments**

| | |
|---|---:|
| Checks In | $0.00 |
| Checks Out | $192,394.50 |
| Product Recpt | ($199,608.00) |
| Wires | $20,192.50 |
| **Sub-Total** | **$12,979.00** |
| **TOTAL OVERPAYMENTS** | **$12,979.00** |

**2.   Post-Petition Deductions Owed**

**3.   Pre-Petition Deductions Owed**

| | |
|---|---:|
| **DEDUCTIONS OWED** | **$0.00** |
| **TOTAL DUE PCT** | **$12,979.00** |